[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence — December 17, 1992 Date of Application — January 8, 1993 Date Application Filed — January 12, 1993 Date of Decision — April 27, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford/New Britain at Hartford. Docket No. CR91-413599.
 Richard Cramer, Esq. — For the Petitioner John Droplick, Esq. — Assistant State's Attorney for the State.
BY THE DIVISION
After a trial by jury the petitioner was convicted of Manslaughter First Degree in violation of Conn. Gen. Stat.53a-55(a)(1). He was sentenced by the trial court to the term of twenty years to serve.
The facts show that the petitioner was involved in a street argument with several participants. The argument escalated to the point where the petitioner acquired a gun and shot the victim in the back that resulted in his death.
At the hearing counsel noted that the petitioner was a teenager when he committed this crime. He was an immature seventh grade drop out with no real job history. Further, he had no father relationship and his mother had been incarcerated. Counsel felt that the maximum sentence in a crime should be reserved "for the badest of the bad." Noting that his client had no record he posed the rhetorical question to the division "what do you give other people?" Counsel claimed that the petitioner was the victim of the victim on many occasions and that may explain why he shot him in the back. He asked the division to reduce the petitioners sentence to no more than 10 years.
Petitioner, when he spoke to the panel, admitted he made a mistake that he must live with and that it "hurts me bad."
The state in its remarks to the division noted that the CT Page 5373 trial judge tried in vain to find something positive in the petitioner but found that nonavailing to someone who basically shot someone in the back in a fight that he was not directly involved in.
In reviewing the sentencing remarks of the court, we find that the judge found the crime to be . . . "its hard to visualize any worse crime other than our capital crimes that anybody could commit." . . . However, even with that statement, the court looked further before imposing the maximum sentence. In that second look the court found a string of negatives to conclude that the petitioner . . . "gives the court very little to hope for in the way of his becoming a productive member of society." The court in its sentencing remarks skillfully and with compassion explored all options before it prior to imposing its sentence. We note, as did the trial court, that we have become a "gun-mad" society. The sentence imposed by the trial court was neither inappropriate nor disproportionate and it is affirmed by the division.
Norko, J.
Purtill, J.
Klaczak, J.
Norko, J., Purtill, J., and Klaczak, J., participated in this decision. Next page is 5380 CT Page 5380